**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael H Gustin, et al., | No. CV-22-00525-PHX-DLR |
| Petitioners, | **ORDER** |
| v. | |
| Kleen Concepts LLC, | |
| Respondent. | |

Non-party Quantum Fluids, LLC ("Quantum") and Defendant Kleen Concepts LLC ("Kleen") entered into a Master Supply Agreement ("MSA"), under which Quantum agreed to purchase certain raw materials from Kleen. (Doc. 5-1 at 2.) The MSA contains an arbitration clause, which requires Quantum and Kleen arbitrate any disputes not resolved after sixty days of mediation. (*Id.* at 10.) As it happened, a dispute arose. Quantum sued Kleen in federal court, and Kleen moved to compel arbitration. *Quantum Fluids LLC v. Kleen Concepts LLC*, No. CV-20-02287-PHX-DWL, 2021 WL 242104, at *8 (D. Ariz. Jan. 25, 2021). While the motion was pending, Kleen served Quantum with a demand for arbitration in the American Arbitration Association ("AAA"), which Quantum opposed. (Doc. 5-1 at 13-15, 17-22.) The federal court granted the motion to compel arbitration. *Quantum Fluids LLC v. Kleen Concepts LLC*, No. CV-20-02287-PHX-DWL, 2021 WL 242104, at *8 (D. Ariz. Jan. 25, 2021).

The AAA appointed an arbitrator. During arbitration, however, Quantum dismissed

the federal lawsuit and notified Kleen it was dissolving its business, citing "staggering debt." (Doc. 5-1 at 72.) Kleen then filed an amended demand for arbitration, naming as defendants each of Quantum's individual members. (*Id.* at 34.) Kleen served the individual members by mail and email. (Doc. 18-1 at 3.)

Believing they were not obligated to appear in the arbitration, the individual members never did. (Doc. 22 at 6-7.) Even after they were served with requests for admissions, including a request to admit they were alter egos of Quantum, and warned that failing to respond would preclude presenting evidence at the hearing, they never participated in the proceeding. (Doc. 5-2 at 9.) Thus, the arbitrator granted Kleen's unopposed motion for summary judgment, entering an award against the individual members. (Doc. 5-5 at 3.)

With an unfavorable award now entered against them, the individual members—who are the Plaintiffs in this case—finally acted by moving this Court to vacate the award. (Doc. 1.) Kleen cross-motioned to confirm the award. (Doc. 5.) These cross-motions are fully briefed. (Docs. 18, 21, 22, 25.) For reasons that follow, the Court denies Plaintiffs' motion and grants Kleen's.

**I. Motion to Vacate**

"Once a case reaches the federal courts, . . . the private arbitration process is complete, and because Congress has specified standards for confirming an arbitration award, federal courts must act pursuant to those standards and no others." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1000 (9th Cir. 2003). Those standards in domestic arbitrations, as here, are found in 9 U.S.C § 10. "Under this regime, an 'emphatic federal policy' favors arbitral dispute resolution." *Hawaiian Host, Inc. v. Citadel Pac. Ltd.*, No. CV 22-00077 JMS-RT, 2022 WL 16554080, at *5 (D. Haw. Oct. 31, 2022) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)). An arbitration award must be confirmed "unless the award is vacated, modified, or corrected[.]" 9 U.S.C § 9. Mistaken legal interpretations alone cannot justify failing to confirm an award that was not otherwise vacated, modified, or corrected. *Todd*

*Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991).

Plaintiffs seek only to vacate the award. "Under the FAA, courts may vacate an arbitrator's decision "only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under" the Federal Arbitration Act. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002) (internal quotation marks omitted). A court may vacate an arbitration award: (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption on the part of the arbitrators; (3) where the arbitrators misbehaved in a way that prejudiced the rights of any party; or (4) where the arbitrators exceeded or so imperfectly executed their authority that a mutual, final, and definite award was not made. 9 U.S.C. § 10. Plaintiffs seek vacatur under only the last two grounds.

**A. Misbehavior**

Plaintiffs make several arguments that their rights were prejudiced when the arbitrator misbehaved and issued an award against them. "In determining whether an arbitrator's misbehavior or misconduct prejudiced the rights of the parties, [the Court] ask[s] whether the parties received a fundamentally fair hearing." *Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016). A hearing is fundamentally unfair if the arbitrator's procedures were a "sham, substantially inadequate or substantially unavailable." *Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 842 (9th Cir. 1987) (citations and internal quotation marks omitted). But "[a] hearing is fundamentally fair if the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator—are met." *Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410, 413 (9th Cir. 1996).

Plaintiffs contend that Kleen failed to properly serve them and give them notice of the proceeding. Arbitration under the MSA is governed by the American Arbitration Association's ("AAA") Commercial Arbitration Rules. (Doc. 5-1 at 10.) Those rules

permit service by mail, email, or through counsel. AAA Commercial Rule 43. The arbitrator concluded that Plaintiffs had notice of the proceeding, explaining that Kleen provided sufficient evidence of serving Plaintiffs by email and certified mail. (Doc. 18-1 at 3.) Plaintiffs counter that the rules require consent before using email to service notice, and they did not so consent. Even if true, Plaintiffs' counsel had objected at the time to Kleen contacting Plaintiffs directly, thus belying any argument that Plaintiffs had no notice whatsoever. (*Id.*) Indeed, Plaintiffs appear to concede that they had notice by arguing that they deliberately failed to participate in the arbitration. (Doc. 22 at 6-7.) By all accounts, Plaintiffs had adequate notice, precluding a finding of fundamental unfairness. *See Zcon Builders*, 96 F.3d 410, 413 (9th Cir. 1996) (holding that constructive notice of a hearing does not render it fundamentally unfair).

Plaintiffs also argue that the arbitrator misbehaved and created a fundamentally unfair proceeding by (1) not treating Plaintiffs' failure to answer as a denial of allegations and (2) resolving the arbitration solely on the basis of Plaintiffs' default. These arguments fail because Plaintiffs had notice of the proceeding and intentionally declined to participate, including failing to respond to requests for admission, even after they were warned that a failure to respond would result in them not being able to present evidence at the hearing. (Doc. 5-2 at 9.) Besides, the arbitration was resolved on summary judgment, not default. (Doc. 5-5 at 3.) Plaintiffs were given a fundamentally fair opportunity to participate in the arbitration and they choose not to. Plaintiffs' decision to unilaterally except themselves entirely from the proceeding does not render a hearing fundamentally unfair. *See Am. Postal Workers Union of Los Angeles*, *AFL-CIO v. U.S. Postal Serv.*, 861 F.2d 211, 216 (9th Cir. 1988) (knowing and deliberate absence from arbitration hearing does not upset an arbitration award).

**B. Exceeding Authority**

An arbitrator exceeds her authority only in two cases, when the award (1) "exhibits a 'manifest disregard of the law'" or (2) is "completely irrational." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (quoting

*Kyocera Corp.*, 341 F.3d at 997).

First, manifest disregard of the law. "It must be clear from the record that the arbitrator[ ] recognized the applicable law and then ignored it." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007). Plaintiffs argue that, as non-signatories, they are not parties to the agreement to arbitrate and therefore the MSA did not grant the arbitrator authority to enter an award against them. But Plaintiffs concede—indeed they trumpet—that they did not participate one whit in the arbitration, including not objecting to the arbitrator's authority to address arbitrability with respect to a non-signatory.[1] Put simply, the question of arbitrability was never placed before the arbitrator, so Plaintiffs necessarily cannot show that the arbitrator "recognized the applicable law and then ignored it[.]" *Collins*, 505 F.3d at 879.

Nor do Plaintiffs show that the award was "completely irrational."

---

[1] Although the issue was not briefed, the Court notes that such abject nonparticipation despite having notice could constitute waiver of the arbitrability issue. Waiver is the "intentional relinquishment or abandonment of a known right," such as the right to object to arbitrability. *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1278-79 (9th Cir. 2006) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotations omitted)). A party does not waive its right to challenge arbitrability when it objects to arbitrability at the outset of arbitration, even if that party later participates in the arbitration on the merits and loses. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 941, 946 (1995). Conversely, waiver occurs where a party arbitrates on the merits and objects to arbitrability only after entry of an unfavorable award. *See Fortune, Alsweet and Eldridge, Inc. v. Daniel*, 724 F.2d 1355 (9th Cir.1983); *Ficek v. Southern Pacific Co.*, 338 F.2d 655, 656-57 (9th Cir. 1964). In both contexts, waiver turns not on the extent to which the party participates in the arbitration, but on whether the party objects to arbitrability during—and not only after—arbitration. And "the party seeking to avoid arbitration bears the burden of raising specific arbitrability challenges, including a challenge to the enforceability of a delegation clause." *Oliver v. First Century Bank, N.A*, No. 3:17-CV-00620-MMA-KSC, 2018 WL 1426877, at *3 (S.D. Cal. Mar. 22, 2018) (*citing Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72-74 (2010)).
Here, Plaintiffs did not participate in the arbitration, but also failed to object to arbitrability until after an unfavorable award was entered against them. And they didn't fail to object because they didn't know about the proceedings; they were given notice and deliberately didn't participate in arbitration, perhaps as a litigation strategy. They didn't tell Kleen or the arbitrator why they didn't participate. Even a letter communicating their belief that they were not parties to the arbitration agreement might have been sufficient. *E.g.*, *Nagrampa*, 469 F.3d at 1265. The Court sees no reason why Plaintiffs should be permitted to object to gateway questions now when they didn't object to them at the outset. *See Hartford Ins. Co. of the Midwest v. Erie Ins. Prop. & Cas. Co.*, No. 5:10-CV-00320, 2011 WL 1883792, at *7 (S.D.W. Va. May 17, 2011) ("[A] party waives its right to challenge the arbitrability of a claim when it brings the challenge for the first time after the arbitration award against it has been issued.").

> An award is completely irrational only where the arbitration decision fails to draw its essence from the agreement. An arbitration award draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions. Under this standard of review, [courts] decide only whether the [arbitrator's] decision draws its essence from the contract, not the rightness or wrongness of the arbitrator's contract interpretation.

*Aspic Eng'g & Constr. Co*, 913 F.3d at 1166. So "long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). By incorporating the AAA Commercial Rules, the MSA reserved questions of arbitrability to the arbitrator, including the question of whether there is an agreement to arbitrate between the parties. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). And, that's what the arbitrator did: determine whether there was an agreement to arbitrate between Plaintiffs and Kleen, that is, resolve the gateway question of whether the dispute was arbitrable.

Because Plaintiffs have not shown that the award exhibited manifest disregard for the law or was completely irrational, the award cannot be vacated under the theory that the arbitrator exceeded her authority. And because Plaintiffs' remaining arguments all depend on the Court accepting the argument that Plaintiffs are not the alter egos of Quantum, those arguments also fail.

**II. Motion to Confirm**

As noted above, the Court must confirm an arbitration award unless it is "vacated, modified, or corrected." 9 U.S.C § 9. Plaintiffs have not shown that the award should be vacated. And they do not seek to modify or correct the award. The Court thus must confirm it.

Plaintiffs argue that this Court lacks personal jurisdiction over them to confirm the award because they make a limited appearance (only to ask the Court to vacate the award) and have not consented to the Court's jurisdiction to confirm the award. In other words, they believe the Court enjoys the jurisdiction to agree with them and lacks jurisdiction to

disagree with them—heads I win, tails you lose.  But "any action on the part of a party except to object to personal jurisdiction that recognizes the case as in court will constitute a general appearance." *State ex rel. Dep't of Econ. Sec. v. Burton*, 66 P.3d 70, 72 (Ariz. Ct. App. 2003).  The Court has personal jurisdiction over Plaintiffs.

**IT IS ORDERED** that Plaintiff's motion to vacate the arbitration award (Doc. 1) is **DENIED**.

**IT IS ORDERED** that Kleen's motion to confirm arbitration award (Doc. 5) is **GRANTED**.  Within **7 days** of the date of this order, Kleen shall submit to the Court a proposed form of judgment.

Dated this 30th day of November, 2022.

Douglas L. Rayes
United States District Judge